**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **EDWARD GERMAINE SAUNDERS,** | ) | |
| Petitioner, | ) | Civil Action No. 7:19cv00166 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Petitioner Edward Germaine Saunders, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction and sentence in the Roanoke City Circuit Court. Upon review of the record, the court finds that Saunders' petition is untimely filed and, therefore, the court will dismiss the petition.

**I.**

On August 14, 2014, the Roanoke City Circuit Court entered judgment against Saunders, convicting him of aggravated sexual battery, and sentencing him to twenty years of incarceration. The Court of Appeals of Virginia dismissed his appeal on April 15, 2015 and the Supreme Court of Virginia dismissed his subsequent appeal on June 2, 2016. Saunders did not file a petition for writ of certiorari to the Supreme Court of the United States. Saunders filed a habeas petition in the Roanoke City Circuit Court on July 18, 2017. The court dismissed the petition on March 7, 2018, and Saunders did not appeal. Saunders filed the instant § 2254 habeas petition no earlier than February 8, 2019. The court conditionally filed Saunders' petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Saunders alleges nothing to support application of § 2244(d)(1)(B)-(D). Under § 2244(d)(1)(A), Saunders conviction became final on August 31, 2016, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired, and the statute of limitations began to run on that date.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Saunders properly filed a habeas petition in the Roanoke City Circuit Court on July 18, 2017, and the statute of limitations stopped running on that date, after

approximately 321 days.  The court dismissed his petition, and the statute of limitations began running again on April 6, 2018, when Saunders' time to appeal that circuit court's dismissal of his petition expired.  Saunders filed his federal habeas petition no earlier than February 8, 2019, after an additional 308 days ran on the statute of limitations clock.  Therefore, the limitations period ran for a total of approximately 629 days before Saunders filed his federal habeas petition.  Accordingly, Saunders' petition is time-barred unless he demonstrates that the court should equitably toll the limitations period, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims."  Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test.  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).  Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'"  Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)).  Saunders has presented no evidence to suggest that he

3

was prevented from complying with the statutory time limit. Accordingly, the court finds no basis to equitably toll the limitations period.

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Saunders has not presented any new evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for excusing his untimely filing. Accordingly, the court concludes that Saunders' petition is time-barred.

### III.

Based on the foregoing, the court will dismiss Saunders' § 2254 petition.

**ENTER**: This 22nd day of October, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge