IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD GERMAINE SAUNDERS,<br>    Petitioner, | )<br>)   Civil Action No. 7:19cv00166<br>) |
| v. | )   OPINION AND ORDER<br>) |
| HAROLD W. CLARKE,<br>    Respondent. | )   By:  Michael F. Urbanski<br>)   Chief United States District Judge |

Saunders, a Virginia prisoner proceeding pro se, previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Roanoke Circuit Court conviction for aggravated sexual battery. This court dismissed his petition as untimely on October 22, 2019. On April 21, 2020, the Fourth Circuit Court of Appeals denied Saunders a certificate of appealability and dismissed his appeal. Saunders' petition for rehearing en banc was denied on October 5, 2020. On March 21, 2022, Saunders filed a motion by mail to reopen the case under Fed. R. Civ. P. 60(b)(6), and on April 18, 2022, he mailed an amended Rule 60(b)(6) motion. For the reasons stated below, the motion for reconsideration is denied.

Rule 60(b)(6) allows a court to relieve a litigant from a final judgment entered in a civil case for any "reason that justifies relief" other than the specific grounds listed in subsections (b)(1) through (b)(5). Fed. R. Civ. P. 60(b)(6). Rule 12 of the Rules Governing Habeas Corpus Proceedings Under § 2254 provides that the Federal Rules of Civil Procedure may be applied in habeas proceedings, so long as the Federal Rules are not inconsistent with the Rules Governing Habeas Corpus. The Supreme Court has held that courts may have to treat Rule 60(b) motions as successive § 2254 petitions under some circumstances, namely if the motion "seeks adjudication on the merits of the petitioner's claims." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (emphasis in original) (citation and internal quotation marks omitted). If the

motion does not seek litigation of a claim on the merits, but merely challenges a procedural aspect of the prior federal habeas decision, then a Rule 60(b) motion may proceed without being treated as a successive habeas petition. Id. at 532. Saunders, relying on Gonzalez, asserts that his motion is asking the court to reconsider its decision on the statute of limitations, a proper subject of a Rule 60(b) motion in a habeas case.

Saunders' argument, while creative, is not nearly as straightforward as it would seem. Saunders claims that the statute of limitations should not have been applied in his case because the state court judgment upon which his custody is based is void ab initio, leaving the state court with no jurisdiction over him, and challenges for lack of jurisdiction are never untimely. He contends that the state court judgment is void because the indictment and statute upon which the indictment was based were unconstitutionally vague, violating his due process right to be informed of the charges against him.

Both the sufficiency of the indictment and the constitutionality of the statute were assigned as grounds for relief in his initial habeas petition, as Claim A and Claim C respectively. Attach. to Pet. at 4, ECF No. 1-1. Thus, the statute of limitations argument is inextricably intertwined the merits of his original habeas claims.

The court need not decide on the validity of the state court judgment, however, because federal challenges to the validity of state court judgments—even those alleged to be void ab initio—are still subject to the one year statute of limitations. Watson v. Warden, No. 7:20cv00424, 2020 WL 5199282, at *2 (W.D. Va. Aug. 31, 2020); Frazier v. Moore, 252 F. App'x 1, 5–6 (6th Cir. 2007).

Further, motions under Rule 60(b)(6) must be made within a reasonable time following the judgment. Fed. R. Civ. P. 60(c)(1). This court's opinion issued more than two years before Saunders filed this motion. Under the circumstances of this case, that is an unreasonably long delay in bringing this argument in support of timeliness. The time to have argued that the allegedly defective indictment should operate as an exception to the statute of limitations was when the court conditionally filed the original petition, advising Saunders that it appeared to be untimely and giving him an opportunity to respond. Saunders did not make the argument at that time, even though the facts were obviously known to him, because he raised the issues on their merits in his petition.

Finding that Saunders failed to file this motion within a reasonable time as required by Rule 60(c)(1) and that the court's prior decision dismissing his § 2254 petition as untimely remains correct as a matter of law, Saunders' motion (ECF No. 17) and amended motion (ECF No. 18) are **DISMISSED**, and the action is again **STRICKEN** from the active docket of the court. Further, finding that Saunders has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this opinion and order to Saunders.

**ENTER:** This 22nd day of September, 2022.

Michael F. Urbanski
Chief United States District Judge